COPY

FILED

BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

12 NOV 15 PM 4: 24

1  **BERNS WEISS LLP**
   Jeffrey K. Berns (SBN 131351)
2  jberns@law111.com
   Ryan J. Egan (SBN 281836)
3  regan@law111.com
4  20700 Ventura Blvd., Suite 140
   Woodland Hills, CA 91364
5  Telephone: (818) 961-2000
6  Facsimile: (818) 999-1500
7     —and—
8  Lee A. Weiss (*pro hac vice* application forthcoming)
9  lweiss@bernsweiss.com
   626 RXR Plaza
10 Uniondale, NY 11556
   Telephone: (818) 961-2000
11 Facsimile: (818) 999-1500
12
13 Attorneys for Plaintiffs
14
                UNITED STATES DISTRICT COURT
15
               CENTRAL DISTRICT OF CALIFORNIA
16
17 REI STERN, individually, and on        CASE NO. **SACV12  2005 AG(JPRx)**
   behalf of all others similarly situated,
18
                                           **CLASS ACTION COMPLAINT FOR:**
19       Plaintiff,
                                           **(1) Negligent Violation of the**
20       v.                                    **Telephone Consumer Protection**
                                               **Act ("TCPA"), 47 U.S.C. § 227, *et***
21 DOCIRCLE, INC., a California               ***seq.***
   corporation doing business as
22 TRUMPIA.COM, and DOES 1                 **(2) Willful and/or Knowing Violation**
23 through 10.                                 **of the Telephone Consumer**
                                               **Protection Act ("TCPA"), 47 U.S.C.**
24                                             **§ 227, *et seq.***
         Defendant.
25
                                           **Jury Trial Demanded**
26
27
28

                        CLASS ACTION COMPLAINT

## I.

## INTRODUCTION

1.     This is a consumer class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.  Plaintiff REI STERN individually, and on behalf of all others similarly situated, brings this action against Defendant DOCIRCLE, INC., a California corporation doing business as TRUMPIA.COM ("Trumpia") and DOES 1 through 10, based on Defendant negligently, knowingly, and/or willfully sending to Plaintiff and Class members, on their cellular telephones, unauthorized text message calls without prior express consent.  Plaintiff seeks damages, injunctive relief, and any other available legal or equitable remedies resulting from Defendant's violations that have invaded the personal privacy of Plaintiff and Class members.

## II.

## PARTIES

2.     Plaintiff REI STERN is, and at all times relevant to this Complaint was, an individual residing in Los Angeles County, California.  Plaintiff is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

3.     Plaintiff is informed, believes, and thereon alleges that Defendant DOCIRCLE, INC. doing business as TRUMPIA.COM ("Trumpia") is, and at all times relevant to this Complaint was, a California corporation with its principal place of business located at 2544 West Woodland Drive, Anaheim, California 92801.  Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

4.     The true names and capacities, whether individuals, corporations, associations, or otherwise, of Defendants DOES 1-10, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff alleges, on information and belief, that each DOE

2

Defendant is responsible for the actions herein alleged.  Plaintiff will seek leave of Court to amend this Complaint when the names of said DOE Defendants have been ascertained.

### III.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this class action pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events giving rise to this action occurred in this District.

### IV.

### FACTS COMMON TO ALL CAUSES OF ACTION

7.      Defendant operates a mobile text messaging system that electronically sends advertisement messages to mobile telephone numbers through use of Short Message Service ("SMS") and Multimedia Messaging Service ("MMS").  SMS and MMS are telephone services that allow for the exchange of short text messages, pictures, and videos between cellular telephones by way of communication protocols.

8.      A unique five or six digit special telephone number called a "short code" is used to send an SMS or MMS text message.  Short codes are used exclusively for sending SMS and MMS messages and cannot be called like a regular telephone number.

9.      Defendant delivers text message calls via short code "96000" to customers who maintain cellular telephone service with AT&T, Verizon Wireless, Alltel, T-Mobile, Sprint and Nextel, Virgin Mobile USA, Cellular One Dobson, Cincinnati Bell, Centennial Wireless, Unicel, U.S. Cellular, and Boost Mobile.

10.      Plaintiff owns a cellular telephone and maintains cellular telephone

3

service with Sprint PCS. Plaintiff has never provided his cellular telephone number to Defendant or provided any express consent to receive text message calls on his cellular telephone number.

11.     On multiple occasions, Defendant, either directly or through its agents, sent unsolicited text message calls to Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to mean equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

12.     On or about August 24, 2012, Plaintiff received from Defendant, via SMS short code 96000, an unsolicited text message call to his cellular telephone number which read:

> BTS: You are opted in to receive up to 4Msg/mo of text alerts. Msg&Data rates may apply. Reply HELP for help. Reply STOP to cancel.

13.     Plaintiff responded to the above text message call by sending an SMS text message of "STOP" to short code 96000.

14.     Shortly thereafter, Plaintiff received from Defendant, via SMS text message from short code 96000, another unsolicited text message call to his cellular telephone number which read:

> BTS: You will not receive any more msgs from BTS. Reply LIST for remaining subscriptions. STOP ALL to cancel all. 800-470-5819

15.     Plaintiff, in response to Defendant's unsolicited text message, replied by SMS text message to short code 96000 the words "STOP ALL."

16.     Shortly thereafter, Plaintiff received from Defendant, via SMS text message from short code 96000, another unsolicited text message call to his

4

cellular telephone number which read:

> Trumpia: Your mobile number has been unsubscribed &
> will not receive any more messages from 96000. 1-866-
> 866-0009.

17.     Each of Defendant's unsolicited text message calls to Plaintiff's cellular telephone number was placed via an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A), which prohibits a person from making any call, without prior express consent of the called party, using an automatic telephone dialing system to a telephone number assigned to cellular telephone service.

18.     Plaintiff did not provide Defendant or its agents prior express consent for Defendant to send, to Plaintiff's cellular telephone, unsolicited text messages as required under 47 U.S.C. § 227(b)(1)(A).

19.     Each text message sent by Defendant to Plaintiff's cellular telephone constituted a call that was not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**V.**

**CLASS ACTION ALLEGATIONS**

20.     Plaintiff brings this action individually, and on behalf of all others similarly situated (the "Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks to represent the Class defined as follows:

> All persons within the United States who, on or after four
> years preceding the filing of this Complaint through the
> date that notice is sent to the Class, received one or more
> unauthorized text message calls sent by, or on behalf of,
> Defendant.

21.     Plaintiff reserves the right to amend or otherwise alter the Class

5

CLASS ACTION COMPLAINT

definition presented to the Court at the appropriate time, or propose or eliminate Subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

22.    Numerosity: The Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case. While the exact number of Class members is unknown at this time, Plaintiff alleges, on information and belief, that the Class consists of at least hundreds, if not thousands (or more) of consumers based, in part, on Defendant's own website disclosure acknowledging that Defendant can "even send up to 300,000 text messages per hour across all major US carriers."

23.    Commonality: Common questions of law or fact are shared by Plaintiff and the Class members. This action is suitable for class treatment because these common questions of fact and law predominate over any individual issues. Such common questions include, but are not limited to, the following:

(a)    Whether, during the relevant class period, Defendant sent one or more text message calls to Plaintiff and Class members by use of an automatic telephone dialing system as contemplated by the TCPA;

(b)    Whether, during the relevant class period, Defendant sent one or more text message calls to Plaintiff and Class members without the express consent of Plaintiff or Class members;

(c)    Whether Defendant negligently violated 47 U.S.C. § 227, *et seq.* by sending or causing to be sent, text message calls to Plaintiff's and Class members' cellular telephone numbers without prior express consent; and

(d)    Whether Defendant violated 47 U.S.C. § 227, *et seq.* by willfully and/or knowingly violating the TCPA by sending unlawful text message calls to Plaintiff and Class members such that Plaintiff and Class members are entitled to treble damages.

CLASS ACTION COMPLAINT

24.    Typicality: Plaintiff's claims are typical of the claims of the Class members.  Plaintiff and the Class members were subjected to the same kind of unlawful conduct, and the claims of the Plaintiff and Class members are based on the same legal theories.

25.    Adequacy: Plaintiff is an adequate representative of the Class members because his interests do not conflict with the interests of the other members of the Class Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends on prosecuting this action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

26.    Ascertainable Class: The proposed Class is ascertainable in that members can be identified and located using records available to Defendant which contain the names, addresses, and/or cellular telephone numbers to which Defendant sent text message calls to.

27.    Questions of law or fact common to the Class members, including those identified above, predominate over questions affecting only individual Class members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudicating each such individual lawsuit would be substantial.

28.    A class action is superior to other available methods of adjudicating the claims in this action because:

(a)    Individual damages to any one Class member are relatively small,

CLASS ACTION COMPLAINT

making the expense of prosecuting or controlling individual litigations prohibitive or impracticable for Class members;

     (b)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate;

     (c)    No member of the Class has commenced litigation to determine the questions presented; and

     (d)    A class action can be managed with efficiency and without undue difficulty because Defendant has used the same services to send unsolicited text messages to Plaintiff and Class members.

## VI.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

29.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

30.    Plaintiff brings this cause of action against Defendant on behalf of himself individually, and on behalf of all Class members.

31.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

32.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33.    Plaintiff and the Class members are also entitled to and seek injunctive relief to prohibit Defendant from engaging in the same unlawful acts in

8

the future.

34.    Plaintiff and the Class members are further entitled to an award of attorneys' fees and costs.

## VII.

## SECOND CAUSE OF ACTION

## Willful and/or Knowing Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

35.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36.    Plaintiff brings this cause of action against Defendant on behalf of himself individually, and on behalf of all Class members.

37.    The foregoing acts and omissions of Defendant constitute numerous and multiple willful and/or knowing violations of the TCPA, including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

38.    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

39.    Plaintiff and the Class members are also entitled to and seek injunctive relief to prohibit Defendant from engaging in the same unlawful acts in the future.

40.    Plaintiff and the Class members are further entitled to an award of attorneys' fees and costs.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself individually and members of

9

the Class defined herein, prays for judgment and relief as follows:

     A.    For an order certifying that this action may be maintained as a class action;

     B.    For statutory damages in the amount of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(A) as a result of each of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);

     C.    For treble damages in the amount of up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(C) as a result of each of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1);

     D.    For injunctive relief, prohibiting Defendant's negligent acts in the future pursuant to 47 U.S.C. § 227(b)(3)(A), and prohibiting Defendant's willful and/or knowing violations in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

     E.    For an award of reasonable attorneys' fees and costs to counsel for Plaintiff and Class members; and

     F.    For such other and further relief as the Court may deem necessary and appropriate.

DATED: <u>November 15, 2012</u>       **BERNS WEISS LLP**

                                  By: _____
                                        Ryan J. Egan

                                Jeffrey K. Berns (SBN 131351)
                                jberns@law111.com
                                Ryan J. Egan (SBN 281836)
                                regan@law111.com
                                20700 Ventura Blvd., Suite 140
                                Woodland Hills, CA 91364
                                Telephone: (818) 961-2000
                                Facsimile: (818) 999-1500

                                —and—

CLASS ACTION COMPLAINT

Lee A. Weiss
(*pro hac vice* application forthcoming)
lweiss@bernsweiss.com
626 RXR Plaza
Uniondale, NY 11556
Telephone: (818) 961-2000
Facsimile: (818) 999-1500

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

Plaintiff, on behalf of himself and all others similarly situated, hereby

3

demands a trial by jury in the instant action.

4

5

DATED:      November 15, 2012          **BERNS WEISS LLP**

6

7

By: _____

Ryan J. Egan

8

Jeffrey K. Berns (SBN 131351)

9

jberns@law111.com

Ryan J. Egan (SBN 281836)

10

regan@law111.com

20700 Ventura Blvd., Suite 140

11

Woodland Hills, CA 91364

12

Telephone: (818) 961-2000

Facsimile: (818) 999-1500

13

—and—

14

15

Lee A. Weiss

16

(*pro hac vice* application forthcoming)

lweiss@bernsweiss.com

17

626 RXR Plaza

18

Uniondale, NY 11556

Telephone: (818) 961-2000

19

Facsimile: (818) 999-1500

20

21

Attorneys for Plaintiffs

22

23

24

25

26

27

28

12

CLASS ACTION COMPLAINT



Name & Address:  BERNS WEISS LLP
Jeffrey K. Berns (SBN 131351)
Ryan J. Egan (SBN 281836)
Lee A. Weiss (pro hac vice application forthcoming)
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

REI STERN, individually, and on behalf of all others
similarly situated,

CASE NUMBER

PLAINTIFF(S)

SACV12 2005 AG (JPRx)

v.

DOCIRCLE, INC., a California corporation doing
business as TRUMPIA.COM, and DOES 1-10,

**SUMMONS**

DEFENDANT(S).

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Jeffrey K. Berns and Ryan J. Egan_____, whose address is
 BERNS WEISS LLP, 20700 Ventura Blvd. Suite 140, Woodland Hills, CA 91364_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____NOV 1 5 2012_____

By: _____**JULIE PRADO**_____
          Deputy Clerk

          *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                   **SUMMONS**