1 **BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
2 jberns@law111.com
3 20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
4 T. 818.961.2000
5 F. 818.999.1500

6 Lee A. Weiss (admitted *pro hac vice*)
7 lweiss@law111.com
585 Stewart Avenue, Suite L-20
8 Garden City, NY 11530
9 T. 516.222.2900
F. 818.999.1500
10
Attorneys for Plaintiff
11

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 1 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REI STERN, individually, and on behalf of all others similarly situated, | Case No. SACV12-2005 AG (JPRx) |
| Plaintiff, | [DISCOVERY MATTER] |
| v. | |
| DOCIRCLE, INC. dba TRUMPIA.COM, and DOES 1 through 10, | CLASS ACTION |
| Defendants. | [*Assigned to The Hon. Andrew J. Guilford*] |
| DOCIRCLE, INC., a California corporation doing business as TRUMPIA.COM, | **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |
| Third-Party Plaintiff. | |
| v. | Complaint Filed: November 15, 2012 |
| MARC SPORN, an individual, doing business as "BUSINESS TRANSACT SYSTEMS" and "BTS"; and ROES 1 to 25, | |
| Third-Party Defendants | |

1

2   Having reviewed the parties' Stipulated Protective Order and other papers filed by

3   the parties in connection therewith, and being otherwise fully advised in the involved

4   matters, the Stipulated Protective Order is hereby GRANTED, **as modified by the**

5   **Court (see attached.)**

6       **IT IS SO ORDERED.**

7

8   Dated: July 18, 2013

9                              HON. JEAN P. ROSENBLUTH
                               UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

ORDER GRANTING STIPULATED PROTECTIVE ORDER
Case No. SACV12-2005 AG (JPRx)

**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA  91364
T. 818.961.2000
F. 818.999.1500

Lee A. Weiss (admitted *pro hac vice*)
lweiss@law111.com
585 Stewart Avenue, Suite L-20
Garden City, NY  11530
T. 516.222.2900
F. 818.999.1500

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REI STERN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    v.<br><br>DOCIRCLE, INC. dba TRUMPIA.COM, and DOES 1 through 10,<br><br>Defendants. | Case No. SACV12-2005 AG (JPRx)<br><br>[DISCOVERY MATTER]<br><br><u>CLASS ACTION</u><br>[*Assigned to The Hon. Andrew J. Guilford*]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  November 15, 2012 |
| DOCIRCLE, INC., a California corporation doing business as TRUMPIA.COM,<br><br>    Third-Party Plaintiff.<br><br>    v.<br><br>MARC SPORN, an individual, doing business as "BUSINESS TRANSACT SYSTEMS" and "BTS"; and ROES 1 to 25,<br><br>    Third-Party Defendants | |

## 1.    PURPOSES AND LIMITATIONS

The production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, has been requested in discovery propounded in this action.   Specifically, the discovery sought includes, but is not limited to: information relating to defendant DoCircle, Inc. ("Defendant") and other non-Parties, which Defendant maintains in confidence and the disclosure of which could place it at a competitive disadvantage; personal and confidential information regarding absent class members; and deposition testimony from corporate representatives regarding Defendant's policies and procedures related to its transmission of text messages.   Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited categories of information or items identified in Section 2.3, *infra*.   The Parties further acknowledge that if they wish to seek protection for additional categories of information in the future, they first will request to modify this Stipulated Protective Order and no modification of this Stipulated Protective Order shall have the force or effect of a Court order until and unless the Court approves the modification.   The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.   This Stipulated Protective Order does not modify any of the relevant procedures set forth in the Civil Local Rules.

## 2.    DEFINITIONS

2.1    Party:   any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" information or items:   For the purposes of this Order, "Confidential" information or items means information that qualifies as such under applicable law, including:

(a).   Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(b).   Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

(c).   Any other information that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to, information subject to federal or state privacy rights.

Defendant seeks protection from unrestricted disclosure of this Confidential information to avoid the harm of competitive disadvantage of disclosure of this information to competitors and other contracting parties and potential contracting parties in the industry.  Defendant further seeks protection from unrestricted disclosure in order to avoid violating contractual confidentiality provisions.

2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party:   a Party or non-Party that produces Disclosure or Discovery Material in this action.

2.6   Designating Party:  a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

STIPULATED PROTECTIVE ORDER
Case No. SACV12-2005 AG (JPRx)

1      2.7    Protected Material:  any Disclosure or Discovery Material that is

2  designated as "Confidential."

3      2.8    Outside Counsel: attorneys who are not employees of a Party but who are

4  retained to represent or advise a Party in this action.

5      2.9    House Counsel: attorneys who are employees of a Party.

6      2.10  Counsel (without qualifier): Outside Counsel and House Counsel (as well

7  as their support staffs).

8      2.11  Expert:  a person with specialized knowledge or experience in a matter

9  pertinent to the litigation who has been retained by a Party or its Counsel to serve as an

10  expert witness or as a consultant in this action and who is not a past or a current

11  employee of a Party or a current employee of a competitor of a Party and who, at the

12  time of retention, is not anticipated to become an employee of a Party or a competitor of

13  a Party.  This definition includes a professional jury or trial consultant retained in

14  connection with this litigation.

15      2.12  Professional Vendors:  persons or entities that provide litigation support

16  services (e.g., photocopying; videotaping; translating; preparing exhibits or

17  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a

18  Party and their employees and subcontractors.

19  **3.    SCOPE**

20      This Order does not apply to information, Protected Material or otherwise,

21  presented at court proceedings and/or trial. The protections conferred by this Stipulated

22  Protective Order apply to information exchanged in discovery.  The protections

23  conferred by this Stipulated Protective Order cover not only Protected Material (as

24  defined above), but also any information copied or extracted therefrom, as well as all

25  copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

26  presentations by Parties or Counsel to or in court or in other settings that might reveal

27  Protected Material.

28

**4.    DURATION**

This Order applies only to information exchanged in discovery.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party that produced the Protected Material at issue agrees otherwise in writing or a court order otherwise directs.  At the appropriate time, the Parties will seek a separate order from the district judge for other proceedings, such as pre-trial and post-judgment matters.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take reasonable care to designate for protection only that Discovery or Disclosure Material that the Party reasonably believes to qualify for protection under this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for the protection initially asserted, that Party or non-Party must promptly notify all other Parties that it is withdrawing the designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.,* second paragraph of section 5.2 (a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated at the time the material is disclosed or produced.  However, if information which otherwise qualifies for protection under this Order is produced or disclosed without the proper designation, the Producing Party may later make the appropriate designation.  Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-Party.

Designation in conformity with this Order requires:

4

(a).   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.

A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.

(b).   for testimony given in deposition, that the Party or non-Party offering or sponsoring the testimony take reasonable steps to identify on the record, before the close of the deposition, the specific identity or the scope of all Protected Materials in such testimony, and further specify any portions of the testimony that qualify as Confidential.   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty (30) days after delivery of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days after

5

delivery of the deposition transcript shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c). for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. If any Confidential information is inadvertently produced without being marked appropriately as Protected Material in accordance with this Order, the Producing Party may thereafter designate such material(s) as Confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's designation of Protected Material must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

6

1  designation of Protected Material was not proper and must give the Designating Party

2  an opportunity to review the Protected Material at issue, to reconsider the

3  circumstances, and, if no change in designation is offered, to explain the basis for the

4  chosen designation.  A challenging Party may proceed to the next stage of the challenge

5  process only if it has engaged in this meet and confer process first.

6      6.3    Judicial Intervention.  A Party electing to challenge the designation of

7  material as Confidential must comply with the procedure established in Civil Local

8  Rules 37-1 and 37-2.

9      The burden of persuasion in any such challenge shall be on the Designating

10  Party.  Until the court rules on the challenge, all Parties shall continue to afford the

11  material in question the level of protection to which it is entitled under the Producing

12  Party's designation.

13  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

14      7.1    Basic Principles.  A Receiving Party may use Protected Material that is

15  disclosed or produced by another Party or by a non-Party in connection with this case

16  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

17  Material may be disclosed only to the categories of persons and under the conditions

18  described in this Order.  When the litigation has been terminated, a Receiving Party

19  must comply with the provisions of section 11 (FINAL DISPOSITION), below.

20  Protected Material must be stored and maintained by a Receiving Party at a location and

21  in a secure manner that ensures that access is limited to the persons authorized under

22  this Order.

23      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

24  ordered by the Court or permitted in writing by the Designating Party, a Receiving

25  Party may disclose any information or item designated Confidential only to:

26

27

28

(a). the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b). the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c). Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" which is attached as Exhibit A;

(d). the Court and its personnel;

(e). court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f). mediators and their staff to whom disclosure is reasonably necessary for this litigation; and

(g). Deponents to whom disclosure is reasonably necessary, provided they execute the Agreement attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, the Receiving Party must so notify the Designating Party, in writing (by email and/or fax, if possible) immediately and in no event more than three

8

1 (3) court days after receiving the subpoena or order. Such notification must include a
2 copy of the subpoena or court order.

3      The Receiving Party also must immediately inform in writing the party who
4 caused the subpoena or order to issue in the other litigation that some or all the material
5 covered by the subpoena or order is the subject of this Protective Order. In addition, the
6 Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the
7 party in the other action that caused the subpoena or order to issue.

8      The purpose of imposing these duties is to alert the interested parties to the
9 existence of this Protective Order and to afford the Designating Party in this case a
10 reasonable opportunity to try to protect its competitive or confidentiality interests, or its
11 rights or obligations, in the court from which the subpoena or order issued. The
12 Designating Party shall bear the burdens and the expenses of seeking protection in that
13 court of its confidential material – and nothing in this Stipulated Order should be
14 construed as authorizing or encouraging a Receiving Party in this action to disobey a
15 lawful subpoena issued in another action.

16 **9. UNAUTHORIZED DISCLOSURE OR USE OF PROTECTED**
17      **MATERIAL**

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
19 Protected Material to any person or in any circumstance not authorized under this
20 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
21 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
22 all copies of the Protected Material, (c) inform the person or persons to whom
23 unauthorized disclosures were made of all the terms of this Order, and (d) request such
24 person or persons to execute the "Acknowledgment and Agreement to Be Bound" that
25 is attached hereto as Exhibit A. Information designated as Confidential under this
26 Stipulated Protective Order may not be used by any party or its counsel for any purpose
27 unrelated to the above-captioned action.

28

STIPULATED PROTECTIVE ORDER
Case No. SACV12-2005 AG (JPRx)

**10.   FILING PROTECTED MATERIAL.**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated Confidential, the proposed filing shall be accompanied by an application to file the papers of the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**11.   FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future, however, no such modification shall have the force or effect of a Court order until and unless the Court approves the modification.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: <u>July 12, 2013</u>

Respectfully submitted,

**BERNS WEISS LLP**

Lee A. Weiss
lweiss@law111.com
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
T. 516.222.2900
F. 818.999.1500

Jeffrey K. Berns
jberns@law111.com
Albert G. Lum
alum@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
T. 818.961.2000
F. 818.999.1500

Attorneys for Plaintiff

11

Dated: _____, 2013

**ARENT FOX LLP**

_____
Michael L. Turrill
Turrill.michael@arentfox.com
Paul A. Rigali
Rigali.paul@arentfox.com
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T. 213.629.7400
F. 213.629.7401

Attorneys for Defendant

STIPULATED PROTECTIVE ORDER
Case No. SACV12-2005 AG (JPRx)

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Stern v. DoCircle, Inc.*, SACV12-2005 AG (JPRx), on _____[Date]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, even if such enforcement proceedings occur after termination of this action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [print or type your full name]

Signature: _____
      [signature]

13

## ECF CERTIFICATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 12, 2013

Lee A. Weiss
lweiss@law111.com
**BERNS WEISS LLP**
585 Stewart Avenue, Suite L-20
Garden City, NY  11530
T. 516.222.2900
F. 818.999.1500

14