UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2005 AG (JPRx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | REI STERN v. DOCIRCLE, INC. dba TRUMPIA.COM | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Dwayne Roberts | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING UNOPPOSED MOTION FOR DISMISSAL OF ACTION WITHOUT PREJUDICE**

Plaintiff Rei Stern sued Defendant DoCircle, Inc. for violating the Telephone Consumer Protection Act ("TCPA"), seeking to represent a class of people who received unsolicited text messages from Defendant. The Court granted Plaintiff's Motion for Class Certification. (Order Certifying Class, Dkt. No. 47.) Plaintiff has now filed a "Motion for Dismissal of Action Without Prejudice" ("Motion"). (Motion, Dkt. No. 51.) For the reasons that follow, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff is suing Defendant for sending him text messages without his consent, in violation of the TCPA. The Court has discussed Plaintiff's allegations in detail in previous orders. (*See* Order Denying Motion to Dismiss, Dkt. No. 19; Order Certifying Class, Dkt. No. 47.) The Court certified a class of "All persons within the United States who, between February 24, 2012 and March 23, 2012, received one or more of [certain]

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2005 AG (JPRx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | REI STERN v. DOCIRCLE, INC. dba TRUMPIA.COM | | |

unauthorized text message calls made by DoCircle, Inc." (Order Certifying Class at 1–2.)

After class certification, Plaintiff and Defendant participated in a mediation before a third-party neutral. (Berns Decl., Dkt. No. 51-1, ¶ 2.) During mediation, Defendant represented that it did not have sufficient funds to satisfy a judgment if it proceeded to trial and lost. (*Id.*) Defendant also represented that it lacked sufficient funds to even pay for the costs of notice to the class. (*Id.*) After discussing monetary and non-monetary settlement options, Plaintiff decided it would be best to dismiss the action without prejudice. (*Id.*) Neither Plaintiff nor Class counsel have received any monetary compensation from Defendant, nor will they as a result of the requested dismissal. (*Id.*)

The class has not received notice of the action. (*Id.* ¶ 3.) According to Class Counsel, Class Counsel has not been contacted by any member of the class other than Plaintiff and is not aware of any publicity concerning the action. (*Id.*)

## **LEGAL STANDARD**

Voluntary dismissal of the claims of a certified class is governed by Federal Rule of Civil Procedure 23(e), which provides:

> (e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2005 AG (JPRx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | REI STERN v. DOCIRCLE, INC. dba TRUMPIA.COM | | |

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

"The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The "court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2005 AG (JPRx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | REI STERN v. DOCIRCLE, INC. dba TRUMPIA.COM | | |

Rule 23 only requires that the court direct notice to class members "who would be bound by the proposal." Fed. R. Civ. P. 23(e). "Where . . . the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required." *Joseph v. Am. Modification Agency*, Inc., 2012 WL 3542189, at *4 (S.D.N.Y. Aug. 16, 2012).

## ANALYSIS

The Court finds that the proposal to voluntarily dismiss the action is neither collusive nor prejudicial. The proposal does not appear to be a product of collusion, as Plaintiff and Class Counsel will not receive any payment as a result of voluntary dismissal. Plaintiff seeks voluntary dismissal after learning of Defendant's insufficient assets during mediation, and Defendant has provided documentation of its assets to the Court. (*See* Rhie Decl., Dkt. No. 53.)

Further, the Court finds no prejudice to class members from voluntary dismissal. *See Diaz*, 876 F.2d at 1408. Defendant does not have the money to satisfy a judgment. Further, it does not appear that any class members have relied on the filing of this action because notice has not been disseminated and, so far as the Court is aware, there has been no significant publicity concerning the case. Voluntary dismissal will not preclude class members from reasserting claims against Defendant, as the proposed dismissal is without prejudice and the expiration of the statute of limitations is not imminent. The claims concern text messages sent in 2012, and the statute of limitations for TCPA claims is four years. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013).

Therefore, the Court believes voluntary dismissal is appropriate. Further, because the proposal is to dismiss the claims without prejudice, no class members are "bound by the proposal" and class notice is not required. *See Joseph*, 2012 WL 3542189 at *4.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2005 AG (JPRx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | REI STERN v. DOCIRCLE, INC. dba TRUMPIA.COM | | |

**DISPOSITION**

The Court GRANTS the Motion. The action is DISMISSED without prejudice.

: 0

Initials of Preparer    dr